JUDGE BRICCETTI

## UNITED STATES DISTRICT COURT
## IN THE SOUTHERN DISTRICT OF NEW YORK

BENJAMIN FOLEY,

      Plaintiff,

# 18 CV 504

**COMPLAINT**

vs.

PETER WILSON and KPC, LLC

      Defendant,

## COMPLAINT AND JURY DEMAND

There is no other civil action between these two parties
arising out of the same transaction or occurrence as
alleged in this Complaint pending in this Court, nor has
any such action been previously filed and dismissed or
transferred after having been assigned to a Judge.

    NOW COMES Plaintiff BENJAMIN FOLEY, on his own behalf, and for his Complaint against co-Defendants PETER WILSON and KPC, LLC, hereby states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332 Diversity of Citizenship Section (2). Plaintiff and Defendants are citizens of different states and the amount in dispute is greater than $75,000.

2. Venue is proper pursuant to 28 U.S. Code 1391 because the events that gave rise to this Complaint occurred in this district. Specifically, Plaintiff sent or caused to be sent the funds contested from a business and a bank located in New York, NY.

1

## PARTIES

3.  Plaintiff is a citizen of the United States, and currently resides in the state of Florida at 550 Okeechobee Blvd, UPH 17, West Palm Beach, FL 33401.

4.  Plaintiff maintains significant connections to this district including a business and a law office, and entered into this transaction as part of business he conducts in this district.

5.  Defendant Peter Wilson is a resident of Orange County, California, and resides at 3334 E Coast Hwy #412, Corona del Mar, CA 92625.  Defendant KPC, LLC is registered in the state of California (EXHIBIT A).

## GENERAL ALLEGATIONS

6.  Plaintiff Benjamin Foley brings this lawsuit to require co-Defendant's Peter Wilson and KPC, LLC to repay the full purchase price of shares in a company never delivered to Plaintiff despite years of assurances that said interest would be delivered, and interest accrued from Plaintiff's breach.

## FACTS

7.  In February of 2012, Defendant, Peter Wilson, offered to purchase stock on Plaintiff's behalf from a company called Uniloc.

8.  Defendant Peter Wilson represented he was a large shareholder in Uniloc, was purchasing more shares, and was willing to transfer Plaintiff shares for an amount specified herein.

9.  While many of the details of the agreement were oral, key elements, including the purchase price were memorialized in email.

10. On February 7, 2012 Defendant, Peter Wilson, sent Plaintiff an email with the terms, "400k at 40 per share or better…confirmed. Doc tomorrow or the next day," (EXHIBIT B).

11. Defendant, Peter Wilson provided Plaintiff wire instructions to an account titled "KPC, LLC," located in Corona Del Mar, CA 92625.

12. Plaintiff promptly accepted said offer and wired $400,000.00 from his New York, New York business account to Defendant's account, KPC, LLC.  Plaintiff's business account was established in a New York bank located at 331-337 South End Ave, New York, NY 10280.

13. The claim has been fully and completely assigned by John Andrew Foley, both as the only other owner of the business, and individually.

14. On several occasions, Mr. Wilson made assurances that performance of his obligations had been perfected and evidence was forthcoming.

15. In the weeks after the original contract, Defendant represented Uniloc and Microsoft had entered into a large, confidential settlement, causing Defendant to send Plaintiff a text message on March 6, 2012, stating, "U owe me…" (EXHIBIT C).

16. In 2017, Defendant, Peter Wilson, admitted the shares had not been transferred due to a previously undisclosed shareholder restriction of transfer.  Defendant, Peter Wilson, proposed the creation of a co-owned LLC to sidestep this restriction and as recently as January 2018, Defendant has made assurances that a tangible benefit was due and forthcoming to Plaintiff.

17. To date, Plaintiff has received no consideration for the $400,000 wire sent as directed by the contract between Defendant and Plaintiff.

<u>Count I: New York State Claim</u>
<u>Breach of Contract</u>

18. Plaintiff incorporates Paragraph 1-17 by reference and as if fully set forth herein.

19. Breach of contract pursuant to CPLR 213.

20. On or about February 7, 2012, Defendant, Peter Wilson, offered to transfer an interest in Uniloc to Plaintiff.

21. Defendant, Peter Wilson, offered terms such that would bind Defendant, Peter Wilson, upon payments of the same.

22. Plaintiff accepted and paid Defendant, Peter Wilson, such that Defendant Peter Wilson was bound to the agreement.

23. Defendant breached said contract when he failed to deliver said shares in the subsequent to the agreement.

**WHEREFORE**, for the reasons set forth above, Plaintiff requests that this Court enter judgment against Peter Wilson and KPC, LLC providing the following relief:

(a) Repayment of the $400,000.00 for which Plaintiff received no consideration;

(b) Interest paid to Plaintiff from time of the breach of contract in February 2012 at the statutory rate of 9%, totaling $670,840, pursuant to CPLR 5001;

(c) such other and further relief as the Court deems appropriate.

<u>Count 2: New York State Claim</u>
<u>Unjust Enrichment</u>

24. Plaintiff incorporates Paragraph 1-17 by reference and as if fully set forth herein.

4

25. Plaintiff was damaged by Defendant, Peter Wilson's failure to perform by the loss of capital.

26. Plaintiff pleads in the alternative that Defendant was unjustly enriched by the transfer of $400,000 from Plaintiff to Defendant. Plaintiff conferred this benefit on Defendant without adequate compensation returned to Plaintiff.

> *WHEREFORE*, for the reasons set forth above, Plaintiff requests that this Court enter judgment against Peter Wilson and KPC, LLC providing the following relief:
>
> (a) Repayment of the $400,000.00 for which Plaintiff received no consideration;
>
> (b) Interest paid to Plaintiff from time of the breach of contract in February 2012 at the statutory rate of 9%, totaling $670,840, pursuant to CPLR 5001;
>
> (c) such other and further relief as the Court deems appropriate.

### Count 3: New York State Claim
### Fraud

26. Plaintiff incorporates Paragraph 1-17 by reference and as if fully set forth herein

27. Defendant made false statements, including that a transfer of stock ownership had occurred and that the paperwork had inadvertently not been sent.

28. Defendant intended to deceive Plaintiff with the request scienter.

29. Plaintiff relied on Defendant's representations and was financially injured as a result.

> *WHEREFORE*, for the reasons set forth above, Plaintiff requests that this Court enter judgment against Peter Wilson and KPC, LLC providing the following relief:
>
> (a) Repayment of the $400,000.00 for which Plaintiff received no consideration;
>
> (b) Interest paid to Plaintiff from time of the breach of contract in February 2012 at the statutory rate of 9%, totaling $670,840, pursuant to CPLR 5001;

(c) attorney's fees and costs;

(d) punitive damages; and

(e) such other and further relief as the Court deems appropriate.

## Count 4: Federal Claim
### Securities Fraud

30. Plaintiff incorporates Paragraph 1-17 by reference and as if fully set forth herein Securities fraud pursuant to SEC Rule 10b-5, codified at 17 C.F.R. 240.10b-5.

31. Defendant, Peter Wilson, engaged in ongoing manipulation, deception, and omission regarding important and material information that the Plaintiff relied upon in the purchase of securities.

32. Defendant's deceit is demonstrated in his representation that the transaction, including share transfer, had been completed while Defendant knew that was not the case.

33. Plaintiff has standing as the purchaser.

34. The Defendant's actions were the proximate cause of Plaintiff's loss.

35. Plaintiff is seeking to recover the damages that resulted from said fraud as permitted by the statute.

*WHEREFORE*, for the reasons set forth above, Plaintiff requests that this Court enter judgment against Peter Wilson and KPC, LLC providing the following relief:

(a) Repayment of the $400,000.00 for which Plaintiff received no consideration;

(b) Interest paid to Plaintiff from time of the breach of contract in February 2012 at the statutory rate of 9%, totaling $670,840, pursuant to CPLR 5001;

(c) such other and further relief as the Court deems appropriate.

6

**BENJAMIN P. FOLEY, Esq**
8 Main Street
Hastings-on-Hudson, NY 10706
203-435-3122
bennyfoley@gmail.com

Dated: January 19, 2018