USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/7/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN FOLEY,

          Plaintiff,

v.

PETER WILSON and KPC, LLC,

          Defendants.

No. 18-CV-504 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Benjamin Foley has submitted a "Memorandum in Support of Prejudgment Interest Portion of Plaintiff's Motion for Default Judgment." Plaintiff seeks prejudgment interest on his breach of contract claim, accruing at a statutory rate of 9% per annum. Under New York law, "a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right." *United States Naval Inst. v. Charter Commc'ns, Inc.*, 936 F.2d 692, 698 (2d Cir. 1991) (citing N.Y. C.P.L.R. §§ 5001 & 5002). Such interest accrues at a statutory rate of 9% per annum, and is "computed from the earliest ascertainable date the cause of action existed." *See Nwagboli v. Teamwork Transp. Corp.*, No. 08-CV-4562 (JGK) (KNF), 2009 WL 4797777, at *12 (S.D.N.Y. Dec. 7, 2009) (quoting N.Y. C.P.L.R. §§ 5001(b) and 5004). Because it was unclear when "the earliest ascertainable date [that Plaintiff's] cause of action existed" based upon his motion for default judgment and supporting papers, the Court ordered Plaintiff to "submit evidence and/or legal argument that demonstrates when his breach of contract cause of action first arose." *See* Dkt. 32 at 10-11.

Plaintiff asserts that his breach of contract cause of action first arose on February 13, 2012, the date that he transferred the $400,000 amount to Defendants. *See* Dkt. 33 at 1, 3. However, "a

breach of contract cause of action accrues at the time of the [defendant's] breach," not necessarily at the time that the plaintiff satisfied his obligations. *See Citibank, N.A. v. Barclays Bank, PLC*, 28 F. Supp. 3d 174, 185 (S.D.N.Y. 2013) (quoting *Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402 (1993)). Accordingly, "in breach of contract actions, 'the earliest ascertainable date' referenced in C.P.L.R. § 5001(b) for the purposes of computing prejudgment interest 'arises when the alleged breach occurred." *Id.* (quoting *McNally Wellman Co. v. New York*, 63 F.3d 1188, 1200 (2d Cir.1995)). Although Plaintiff satisfied *his* obligations under the contract when he transferred the money to Defendant Wilson on February 13, 2012, it is not clear that Defendants breached the contract, or that Plaintiff was aware of any breach, as of that date.

Plaintiff has established that the parties entered into an oral contract by which he agreed to transfer $400,000 to Wilson, and in exchange, Wilson agreed to buy shares of Uniloc with Plaintiff's money and to then transfer such shares to Plaintiff. Plaintiff has also established that he did in fact transfer the $400,000 to Wilson, but that Wilson failed to transfer any shares of Uniloc to him. Plaintiff has nonetheless failed to establish *when* Wilson was required to transfer those shares to Plaintiff or take any other specific action under the contract. There is nothing in the record to support the notion that Wilson was required to transfer the Uniloc shares on February 13, 2012, the date that Plaintiff sent the money. At most, Plaintiff's allegations show that he first became aware of Wilson's breach in 2017, when Wilson "admitted the shares had not been transferred due to a previously undisclosed shareholder restriction of transfer." Compl. ¶ 16. But even so, it is unclear when in 2017 Wilson made such an admission.

Courts have wide discretion in determining a reasonable date from which to calculate prejudgment interest. *See Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc.*, 577 F. App'x 58, 61 (2d Cir. 2014) (citing *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994)). "When the precise

date upon which damages were incurred is ambiguous, the date of commencement of the action is an appropriate date from which to compute damages." *Hilt Constr. & Mgmt. Corp. v. Permanent Mission of Chad*, No. 16 CV 6421 (VB), 2019 WL 3564571, at *2 (S.D.N.Y. Aug. 6, 2019). Because the "precise date" that Defendants breached the contract is ambiguous, the Court will award prejudgment interest accruing from January 19, 2018, that date that this action was filed. Plaintiff is thus awarded $73,868 in prejudgment interest.

The Clerk of Court is respectfully directed to enter judgment in accordance with this Order and the Court's January 2, 2020 Order, *see* Dkt. 32, and close this case.

SO ORDERED.

Dated: February 7, 2020
        New York, New York

Ronnie Abrams
United States District Judge